**UNITED PACIFIC INSURANCE CO.**

**v.**

**The FIRST NATIONAL BANK OF PRES-TONSBURG, Kentucky, et al.**

Court of Appeals of Kentucky.

March 6, 1970.

Rehearing Denied Oct. 9, 1970.

D. G. Lynn, Lexington, A. J. Deindoerfer, Boehl, Stopher, Graves & Deindoerfer, Louisville, J. K. Wells, Paintsville, for appellant.

Clifford B. Latta, Prestonsburg, for appellees.

HENRY MEIGS, II, Special Commissioner.

Appellee bank sued appellant surety company to recover monies loaned to Robin-Todd Corporation, contractor, claiming equitable subrogation to the rights of laborers and materialmen who furnished work and materials to the contractor in its performance of five building contracts it had undertaken more or less simultaneously. On four of these contracts appellant was surety on the contractor's performance bond.

J. C. Wells was named as defendant, but made no defense in the trial court. Acting for Robin-Todd Corporation, he negotiated a series of loans through the bank's president aggregating $55,000. Of this total, recovery was sought against the surety company in the amount of $44,426.-52, with judgment rendered for $25,542.95, the amount shown in a post-audit report to have been disbursed from the contractor's account to payment of labor and materials on the four jobs bonded by appellant.

Wells and the bank's president were friends of long standing, and the latter's confidence in the former's business experience and acumen was demonstrated by a substantial volume of loans extended to the contracting firm over the years immediately preceding this lawsuit. These were generally unsecured by other than oral promises to repay out of progress payments when and as received by Robin-Todd Corporation from one or another of the various jobs it was then performing.

The bank was further assured of Robin-Todd's solvency by its belief that Robin-Todd was about to receive a loan from the Small Business Administration. In these circumstances there is no basis for an inference that the bank contemplated looking to the surety for repayment, and it took no action to so protect itself in the event of default.

Thus, the single question presented on this appeal is whether there is established a right in the bank of equitable subrogation against the surety for recovery of such of the funds it advanced to the contractor as was actually used to pay for labor and materials on the four projects for which it had written performance bonds.[1]

■ Because of an increasing tendency to invoke its use as "a universal remedy for parties who have lost their money" (Audrain County, etc. v. Walker, 236 Mo. App. 627, 155 S.W.2d 251), the doctrine of equitable subrogation has been widely discredited, although it survives in this jurisdiction. However, we have announced that it should be strictly limited in its application. York v. Cline Construction Company, Ky., 336 S.W.2d 36.

■ The criteria of the York case by which this remedy is limited must therefore be met in their entirety, and not simply by a substantial compliance. In this case the loans were made directly to the contractor, for the proceeds were immediately credited to its account; whether the loans were made for the specific purpose of paying laborers and materialmen is not readily determinable *as of the time the various loans were made,* but the finding of the trial court to that effect is not so clearly erroneous that we may disturb it.

Even assuming, however, as could be determined *after the fact* (the post-audit report), that the loans *were* made for the specific purpose of paying laborers and materialmen, portions of the money were used to make payments on equipment and on notes.

■ The fatal variance from the strict standards laid down in York v. Cline, which defeats appellees' right of recovery against appellant, lies in the indisputable fact that none of the loans was for a particular job, but that they were, as found by the trial court, deposited in a single Robin-Todd account, there commingled and used on five various jobs in progress at the time.

Appellees were not entitled to recover from the surety company, and the trial court erred in ruling otherwise.

The judgment is reversed with directions to enter a new judgment in conformity with the opinion.

All concur.

---

1. No question is presented concerning the distinctions between performance bonds and payment bonds.